UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUTUAL OF ENUMCLAW INSURANCE CO., as subrogee of China City, LLC., <br><br>　　　　　　　　　Plaintiff, <br><br>　　v. <br><br>BRADFORD WHITE CORPORATION, <br><br>　　　　　　　　　Defendant. | CASE NO. 23-455 MJP <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL |

This matter comes before the Court on Defendant's Motion to Compel Response to Discovery Requests. (Dkt. No. 10.) Having reviewed the Motion, the Response (Dkt. No. 13), the Reply (Dkt. No. 15), and all relevant material, the Court GRANTS the Motion in part and DENIES in part.

**BACKGROUND**

This case arises out of an alleged failure of a water heater that caused damage to China City's Oak Harbor restaurant in February 2020. (Mot. at 2.) The damage caused China City to close the Oak Harbor location for repairs. (Id.) Shortly thereafter, Chine City closed its other two restaurants temporarily due to the COVID-19 Pandemic. (Id.) Plaintiff Mutual of Enumclaw Insurance Co. ("MOE"), paid for the repairs to the damaged restaurant as well as for loss of income due to the alleged failure. (Id.) MOE then brought this action as a subrogee of China City against Bradford White Corporation ("Bradford White") seeking to recover damages. (Id.)

Following commencement of this suit, Bradford White served Requests for Production, Interrogatories, and Requests for Admission. (Mot. at 4.) MOE provided its responses in a timely manner, and submitted "corrected" responses shortly thereafter. (Id.) But Bradford White argues several Requests for Production ("RFP") and Interrogatories are deficient. (Id. at 4-6.) The parties have met and conferred, in satisfaction of Local Civil Rule 37(a)(1). (Id. at 1-2.) Rather than list out each RFP and Interrogatory, the Court reviews those in dispute in the Analysis section below.

**ANALYSIS**

**A.    Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Relevant" information is that which is "reasonably calculated to lead to the

1  discovery of admissible evidence." <u>Brown Bag Software v. Symantec Corp.</u>, 960 F.2d 1465,
2  1470 (9th Cir. 1992).
3       If requested discovery is not answered, the requesting party may move for an order
4  compelling such discovery. Fed. R. Civ. P. 37(a)(1). A party may also ask a court to compel
5  further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P.
6  37(a)(4). The party seeking to compel discovery has the burden of establishing that its requests
7  are relevant. Fed. R. Civ. P. 26(b)(1). Once this showing is made, the party opposing the motion
8  must "carry a heavy burden of showing why discovery" should be denied. <u>Blankenship v. Hearst</u>
9  <u>Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975).

10 **B.   Requests for Production**

11      Bradford White asks the Court to compel production for RFP numbers 10-13. (Mot. at 5,
12 7-8.) The RFPs seek various financial documentation from China City for all three of its
13 restaurants for the years 2018 – 2021. (<u>Id.</u> at 5.) MOE responded to all four RFPS claiming it
14 could not produce the documents because it is not in possession or control of the documents -
15 China City is. (<u>Id.</u>)
16      The Court agrees with Bradford White that the financial information is directly related to
17 the issue of damages for loss of business income, as all three restaurants have comparable sales
18 and the two other locations had to shut down shortly after the Oak Harbor location due to the
19 COVID-19 pandemic. In response, MOE does not dispute the documents' importance or even
20 argue the RFP should be denied. Rather, MOE's entire argument is that it cannot produce what it
21 does not have possession of. (Response at 1.) MOE further states that Bradford White is serving
22 a subpoena on China City for the documents and that China City could produce the documents at
23 an upcoming deposition. (<u>Id.</u> at 1-2.) These arguments are without merit. MOE does not explain
24

why it was able to produce financial documents for 2018, 2019 and 2021, yet unable to provide them for the most relevant year. And a subpoena and upcoming deposition does not excuse MOE's obligation to properly respond to RFPs. Given MOE's refusal to produce the documents, it is unsurprising the Bradford White felt compelled to issue a subpoena. But just because Bradford White had to resort to such measures does not mean MOE has fulfilled its obligation. And critically, the intention behind serving RFPs is to gather documents to ask questions about them at a deposition. The Court GRANTS the Motion as to the RFPs. MOE is ORDERED to produce the documents within ten (10) days of this Order.

**C.    Interrogatory No. 6**

Bradford White seeks to compel an answer to its Interrogatory Number 6, which asks MOE to explain why it instructed its economic expert, BakerTilly, to not consider any market impacts as a result of COVID-19 in its calculation of business income loss. (Mot. at 8.) MOE refused to answer, claiming attorney-client privilege and/or work product doctrine. The Court agrees with MOE.

The Court notes that the interrogatory is phrased to understand MOE's counsel's thought process, which is generally outside the scope of the discovery process. Fed. R. Civ. P. 26(b)(3)(A) and (B) protects against the disclosure of documents or an attorney's mental impressions made in anticipation of trial. Though Bradford White argues BakerTilly was retained as part of the loss adjustment process, the Court finds Bradford White's argument fails to provide an adequate timeline and supporting evidence that would demonstrate MOE's utilization of BakerTilly was not in anticipation of litigation. Because it is unclear to the Court the extent of BakerTilly's role prior to this litigation and whether that role continued to the present, the Court DENIES the Motion as to Interrogatory Number 6.

**D.     Interrogatory No. 7**

Interrogatory Number 7 asks MOE to describe the total sales from February 1, 2020 to May 31, 2020 for China City's restaurants in Freeland, WA and Mill Creek, WA. (Mot. at 6.) MOE refused for the same reason it refused to provide the documents that would support its answer – because it does not have the information. (Response at 2.) Again, the Court finds this argument meritless. Lacking possession of the information does not excuse MOE's failure to respond.  The Court GRANTS the Motion as to Interrogatory Number 7. MOE is ORDERED to answer this interrogatory within ten (10) days of this Order.

**E.     Interrogatory No. 13**

Interrogatory Number 13 asks MOE to describe what happened to the water tank that allegedly caused the damages to China City's Oak Harbor restaurant, including if and when it was removed from the premises, why it was removed and where it is currently located. (Mot. at 6.) Initially, MOE objected claiming the interrogatory seeks an expert opinion. (Id.) But in its response brief, MOE simply claims the answer will be given during the Fed. R. Civ. P. 30(b)(6) deposition. (Response at 2.) First, the Court finds that MOE's initial objection is without merit as the interrogatory does not require an expert's opinion. Second, the Court finds MOE's attempts to skirt its obligations to respond to discovery are unavailing. A 30(b)(6) deposition that asks similar questions to interrogatories does not mean the interrogatories may go unanswered. Often times the answers to these interrogatories informs later depositions. The Court GRANTS the Motion as to Interrogatory Number 13. MOE is ORDERED to respond to this interrogatory within ten (10) days of this Order.

**F.  Attorney's Fees**

If a party moves to compel discovery and the motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Given MOE's failure to provide discovery in this action, the Court is inclined to grant costs and attorney's fees on behalf of Bradford White in making this Motion. Bradford White has ten (10) days of entry of this Order to submit a declaration and supporting records sufficient to show counsel's hourly rates, the hours reasonably expended, and the costs incurred. Upon providing this material, MOE shall have seven (7) days to respond and provide any objections.

## CONCLUSION

The Court finds that Bradford White has established the RFPS and Interrogatories 7 and 13 are relevant to this action. And because MOE failed to provide any persuasive objections, the Court GRANTS the Motion to Compel as to the RFPS and Interrogatories 7 and 13. MOE has ten (10) days upon entry of this Order to provide the requested discovery. But because Interrogatory 6 appears to seek mental impressions and the timeline is ambiguous, the Court DENIES the Motion as to Interrogatory Number 6. Finally, Bradford White may move for attorney's fees by providing a declaration and supporting records within ten (10) of entry of this Order, after which MOE has seven (7) days to respond with any objections.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 18, 2023.

Marsha J. Pechman
United States Senior District Judge