UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUTUAL OF ENUMCLAW INSURANCE CO., as subrogee of China City, LLC., <br><br> Plaintiff, <br><br> v. <br><br> BRADFORD WHITE CORPORATION, <br><br> Defendant. | CASE NO. 23-455 MJP <br><br> ORDER GRANTING MOTION FOR ATTORNEYS' FEES |

This matter comes before the Court on Defendant's Motion for Attorneys' Fees. (Dkt. No. 17.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 18), and all other relevant material, the Court GRANTS the Motion.

**BACKGROUND**

This case arises out of an alleged failure of a water heater that caused damage to China City's Oak Harbor restaurant in February 2020. (Compl. ¶¶ 4-6.) Pursuant to the discovery process, Defendant Bradford White Corporation ("Bradford White") served Requests for

1   Production, Interrogatories, and Requests for Admission on Plaintiff Mutual of Enumclaw

2   Insurance Co. ("MOE"). (Mot. to Compel at 4 (Dkt. No. 10).) Following this, Bradford White

3   brought a motion to compel certain discovery responses from MOE, which the Court granted in

4   part and denied in part. (Dkt. No. 16.) In its Order, the Court noted that Bradford White could

5   move for attorneys' fees following the entry of the Order. Bradford White did so, MOE

6   responded, and the Court now reviews the briefs.

**ANALYSIS**

To set the fee award, the Court begins by calculating a lodestar "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)); see Ewing v. Glogowski, 198 Wn. App. 515, 521 (2017) (accord under Washington law). Under federal law, the Court determines the hourly rate by considering the "evidence produced by the parties, including fee rates of other attorneys in similar practices, awards in comparable cases, counsel's experience and reputation level, and the market rates, as well as two additional Kerr factors: the novelty/difficulty of the issues and the preclusion of other work." Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005).

In deciding the number of hours "reasonably expended," the Court considers whether the time spent on the matter was "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The requesting attorney "must provide reasonable documentation of the work performed" to enable this determination. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983); Hensley, 461 U.S. at 433 (accord). "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner,

associate, etc.).” Bowers, 100 Wn.2d at 597. "Illegible, abbreviated time records, submitted in a form not reasonably capable of evaluation, do not satisfy the burden of submitting detailed time records justifying the hours claimed.” Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir. 1993) (citation and quotation omitted).

**A.    Hourly Rates**

Bradford White asks for the approval of an hourly rate of $250 an hour for attorney Michael Farrell and $210 an hour for David Cramer. (Declaration of David Cramer ISO of Mot to Compel at 2 (Dkt. No. 17).) Farrell has over 33 years of litigation experience, while Cramer has over 10 years of experience. (Id.) MOE does not dispute the hourly rates, and the Court finds these hourly rates appropriately reflect the skill of counsel and the quality of work performed.

**B.    Hours Expended**

The Court next assesses the reasonable number of hours spent litigating this matter. Cramer provided an attachment to his declaration that provides a breakdown of the time spent on the motion to compel, including the hours spent by each attorney, the work performed during those respective times and the billing rate. (Cramer Decl. Exhibit 1 (Dkt. No. 17-1).) Cramer asserts that between the two attorneys, 23.4 hours were spent on the litigation. (Id.) The Court finds the number of hours expended reasonable.

MOE asks the Court to reduce the amount awarded because the Court denied Bradford White's motion with respect to its Interrogatory Number 6. (Response at 2.) The Court is unwilling to grant MOE's request as it finds the time spent by Bradford White reasonable and because Interrogatory Number 6 was the only part of the motion to compel that the Court denied. The remainder of the motion the Court granted, and it did so after finding MOE's excuses for failing to respond unpersuasive.

MOE also asks the Court to reduce the amount awarded based on Interrogatory Number 13. (Response at 2.) Interrogatory Number 13 asks about the expansion tank that was installed with the water heater at issue. (Mot. at 9.) MOE contends it did not bring claims related to the expansion tank, and therefore the expansion tank is not relevant. (Response at 2.) MOE's attempts to reargue the motion to compel are unpersuasive. The Court previously ordered MOE to respond to Interrogatory Number 13, finding that Bradford White's questions pertaining to the expansion tank were relevant. (See Order Granting in Part and Denying in Part Motion to Compel at 5.) The Court will not revisit these arguments. And the Court is similarly unwilling to reduce attorneys' fees on an interrogatory regarding which it granted the motion to compel.

## CONCLUSION

Based on the records provided by counsel, the Court finds the requested rates and hours expended are reasonable. The Court therefore AWARDS $5,386.00 to Bradford White as attorneys' fees. MOE must pay these fees within thirty (30) days of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 25, 2024.

Marsha J. Pechman
United States Senior District Judge