UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUTUAL OF ENUMCLAW INSURANCE CO. as subrogee of China City, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRADFORD WHITE CORPORATION, <br><br> Defendant. | CASE NO. C23-455 <br><br> ORDER ON MOTION FOR CONTEMPT AND SANCTION AND MOTION TO STRIKE EXPERT REPORT |

This matter comes before the Court on Defendant's Motion for Contempt and Sanctions (Dkt. No. 20), and Motion to Strike Plaintiff's Expert Report (Dkt. No. 23). Having reviewed the Motions, Plaintiff's Responses (Dkt. Nos. 27, 28), the Replies (Dkt. Nos. 29, 30), and having held oral argument on April 16, 2024, the Court GRANTS both Motions.

Also before the Court is Plaintiff's Motion for Leave to File Response to Motion to Strike and Motion for Contempt. (Dkt. No. 26.) Plaintiff's counsel filed his responses two days after the deadline due to erroneously calculating the response date as a second Friday motion under Local


Civil Rule 7(d)(2) instead of a third Friday motion. The Court finds the two day delay harmless and GRANTS Plaintiff's Motion for Leave to file Response.

## BACKGROUND

On February 13, 2020, a water heater manufactured by Defendant allegedly failed at the restaurant China City. (Mot. for Contempt at 2.) The restaurant then closed for repairs, and now Plaintiff Mutual of Enumclaw Insurance, as subrogee of China City, seeks damages from Defendant for the cost of repairs and business interruption losses that it paid out to China City from February through May 30, 2020. (Id.)

On December 18, 2023, the Court granted in part and denied in part Defendant's Motion to Compel. (Dkt. No. 16.) The Court ordered Plaintiff to produce various financial documentation from China City for all three of its restaurants for the years 2018-2021. (Order at 3.) Defendant now seeks an order barring Plaintiff from putting forth any evidence regarding business interruption losses on the grounds that Plaintiff failed to produce the requested financial documents it was ordered to produce. Defendant also seeks to strike Plaintiff's Expert Report for failing to comply with the Federal Rules of Civil Procedure.

## ANALYSIS

**A.    Motion for Contempt and Sanctions**

Federal Rule of Civil Procedure 37(b)(2)(A) allows the Court to issue sanctions against a party for failing to obey an order to provide or permit discovery. These sanctions may include:

(i)    directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)   staying proceedings until the order is obeyed;

|   |   |   |
|---|---|---|
| 1 | (v) | dismissing the action in whole or in part; |
| 2 | (vi) | rendering a default judgment against the disobedient party; or |
| 3 | (vii) | treating as contempt of court the failure to obey |

District courts are given wide latitude to issue sanctions under Rule 37. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). But sanctions are not appropriate if the failure to disclose is substantially justified or harmless. Id. "To that end, district courts have identified several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." Liberty Ins. Corp. v. Brodeur, 41 F.4th 1185, 1192 (9th Cir. 2022).

The factors here weigh in favor of a sanction. Plaintiff claims it produced all the records it has possession of: (1) the net sales for all three restaurants in 2020; (2) Excise Tax Returns for 2018-2020; (3) Federal Tax Returns from 2018-2021; and (4) balance sheet and profit & loss statements from January 2018 – December 2020. (Response at 2.) But Plaintiff is not obligated to only produce what it has in its possession; rather the records that exist, whether or not it is currently in possession of them. Plaintiff's own expert stated she relied on documents in making her damages calculation, which have never been turned over to Plaintiff or Defendant because the files are stored at an offsite facility, and she works from home. (Declaration of Melody Ewers at 2 (Dkt. No. 27-1).) This is not a valid justification for defying the Court's Order to produce such documents. Further, the documents that were produced are incomplete. (Reply at 4.) For instance, the Excise Tax Documents only contain tax data for February through December of 2018 (Dkt. 21-4 at 1-21), July and September of 2019 (id. at 22-25), and January -May, and July – September 2020 (id. at 26-38). Even in Defendant could utilize the type of data produced to

make its own calculations as to business interruption damages, it does not possess a complete set of data to do so. Because Plaintiff steps into the shoes of its subrogee China City, it cannot use China City or its expert as a scapegoat for failing to produce discovery documents. Business interruption damages are something Plaintiff would have to demonstrate at trial. It cannot bring a claim and then deny Defendant the documents it needs to defend against that claim. The Court GRANTS Defendant's Motion and precludes Plaintiff from presenting evidence regarding its alleged business interruption losses at trial.

**B.    Motion to Strike**

Defendant asks the Court to exclude Plaintiff's expert from offering any testimony or using her expert report as evidence to support its claim regarding business interruption losses. Despite the fact the Court is granting Defendant's Motion for Contempt and Sanctions and preventing Plaintiff from putting forth evidence on business interruption losses, the Court nevertheless GRANTS Defendant's Motion to Strike.

Federal Rule of Civil Procedure 26 requires parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports. Fed. R. Civ. P. 26(a)(2). These written reports must include:

   (1) A complete statement of all opinions the witness will express and the basis and reasons for them;

   (2) The facts or data considered by the witness in forming them;

   (3) Any exhibits that will be used to summarize or support them;

   (4) The witness's qualifications, including a list of all publications authored in the previous 10 years;

   (5) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

   (6) A statement of the compensation to be paid for the study and testimony in the case.

ORDER ON MOTION FOR CONTEMPT AND SANCTION AND MOTION TO STRIKE EXPERT REPORT - 4

Fed. R. Civ. P. 26(a)(2)(B).

The expert report required by Rule 26 must be "detailed and complete" and must "stat[e] the testimony the witness is expected to present during direct examination together with the reasons therefore." Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment. Other lower courts in the Ninth Circuit have held that "[t]he reason for requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources." Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 299 (D. Nev. 1998) (internal quotation and citation omitted). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." Id.

"Rule 37 gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." Goodman v. Staples the Office Superstore LLC, 644 F.3d 817, 827 (9th Cir. 2011) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) and Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) is a self-executing, automatic sanction designed to provide a strong inducement for disclosure." Id. (internal quotation and citation omitted). The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." Goodman, 644 F.3d at 827 (internal citation omitted).

As an initial matter, Plaintiff contends that Melody Ewers, a manager at BakerTilly – a consulting and accounting firm – who Plaintiff hired to work on China City's claim, is not an expert witness but a fact witness. (Response at 2.) This argument is unpersuasive. Plaintiff's own response brief admits that Ewers and BakerTilly "were hired . . . to assist MOE with the economic damages part of the claim." (Id. at 3.) If Ewers were to testify, she would be testifying

as to her expertise and how she analyzed China City's claim to determine the amount of damages owed. This is the epitome of an expert witness.

Turning to Ewer's report, the Court finds Plaintiff's expert report to be wholly inadequate. Ewer's "report" is not a report but a series of spreadsheets. There is no written documentation for Defendant to use to determine whether Ewer's analysis was correct because no analysis was provided. And it is unclear whether she prepared these spreadsheets or simply reviewed them when processing China City's claim. Because the "report" is not a report in the most generous of interpretations, the Court finds the report fails to comply with Federal Rule of Civil Procedure 26. The Court GRANTS Defendant's Motion to Strike and precludes Ewers from offering any testimony during trial or using her report.

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Leave to File Response to Motion to Strike and Motion for Contempt. And after considering all the briefs and supporting materials, the Court GRANTS Defendant's Motion for Contempt and for Sanctions and PRECLUDES Plaintiff from presenting any evidence on business interruption losses. The Court further GRANTS Defendant's Motion to Strike and PRECLUDES Plaintiff's expert from offering any testimony or from using her report.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 17, 2024.

Marsha J. Pechman
United States Senior District Judge